# Single's Appeal.

In reference to administration, brothers and sisters of the whole and half blood are all in the nearest and in equal degree of collateral consanguinity with a decedent, and males of the half blood are to be preferred to females of the whole blood.

May 14th 1868. Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

Appeal by Joseph Single from the decree of the Register's Court of *Cumberland county*: Of May Term 1868.

John Single died intestate and unmarried December 7th 1867, leaving to survive him three sisters of the whole blood, viz., Barbara, wife of David Miller, Catharine, wife of Daniel Miller, and Mary, wife of John Smith; and four brothers and one sister of the half blood, viz., Jacob, Isaac, George, Joseph and Susanna, wife of Nathaniel Givens. The sisters of the whole blood with their husbands asked that administration should be granted to Barbara Miller and her husband David Miller. The brothers and sister of the half blood, with the sister's husband, asked that administration should be granted to Joseph Single. On the 13th of January 1868, the Register's Court, composed of the register, Graham, P. J., and one of the associates of the Court of Common Pleas, directed that administration should be granted to Barbara and David Miller. Joseph Single appealed and assigned the decree for error.

*L. J. W. Foulke* and *W. M. Penrose*, for appellant, cited Acts of April 8th 1833 (Intestates), § 4, art. 5, Pamph. L. 316, Purd. 563, pl. 21; 15th of March 1832 (Registers), § 22, Pamph. L. 140, Purd. 277, pl. 28; Hood on Executors 64; McClellan's Appeal, 4 Harris 115; 1 Williams on Executors 347, 352; 2 Black. Com. 505; Brown v. Woods, Aleyn 36; s. c., Styles 74; Mercer v. Morland, 2 Cas. Temp. Lee 499; Stanley v. Bernes, 1 Hagg. 221.

*M. C. Herman*, for appellee, referred to Acts of 1832, *supra*, 1833, § 4, art. 1, § 6, Pamph. L. 316, Purd. 563, pl. 17, 23; 1 Williams on Ex'rs. 347, 352; McClelland's Appeal, *supra*; Ellmaker's Appeal, 4 Watts 38; Sarkie's Appeal, 2 Barr 159.

[Single's Appeal.]

The opinion of the court was delivered, May 20th 1868, by

READ, J.—The question in this case arises out of sect. 22 of the Act of 15th March 1832, relating to registers and register's courts, directing to whom letters of administration shall be granted. In granting letters to the kindred of the intestate, it uses this language, "preferring always of those so entitled such as are in the nearest degree of consanguinity with the decedent, and also preferring males to females." This provision, taken in connection with the 4th section, 5th article of the Intestate Act of the 8th April 1833, which enacts that the personal estate of the intestate shall be distributed among brothers and sisters of the intestate "*without distinction of blood*," clearly indicates that the register must grant letters to the brothers of the half blood in preference to the sisters of the whole blood.

Mr. Justice Williams, in his learned treatise on the Law of Executors and Administrators, vol. i., p. 410 (6th ed.), says: "Where there are several persons standing in the same degree of kindred to the intestate, the statute we have seen, gives the ordinary his election to accept any one or more of such persons. It remains to inquire by what principles and rules of practice his discretion in making such election has been guided in the ecclesiastical courts."

One of these rules is, that "the whole blood is preferable in the grant of administration to the half blood, though the majority of interests concur in the latter:" Id. p. 411, which is thus explained in note (b) to 1 Welsby and Beavan's Chitty's Collection of the Statutes, p. 1410, under the title "Executors and Administrators." "Although it seems to have been at one time held that the whole blood has not any preference to the half, in respect of the rights of administration, any more than in the case of distribution (Aleyn. 36; Sty. 74; 2 Bla. Com. 505), this doctrine can no longer be considered to be law, it having been decided in Mercer *v.* Morland, 2 Lee 500, that where the contest for administration is between one of the whole blood and one of the half blood, the whole blood is preferable, although the majority of interests concur in favor of the latter, unless material objections can be proved against him of the whole blood; and it has accordingly been held that the guardian of a minor of the whole blood is entitled to a grant of administration in preference to the half blood : Stratton *v.* Linton, 31 L. J. P. M. 48."

The 7th section of the Act of the 4th April 1797, placed the brothers and sisters of the whole and the half blood as to the personal estate upon an entire equality, and this was carried out in the Intestate Act of 1833, in the phrase "but without distinction of blood," and according to the older English practice made no distinction between the whole and half blood as to the grant of letters of administration, for they are all in the nearest degree

[Single's Appeal.]

of consanguinity with the decedent, and therefore the preference must be given to the males and not to the females, whether the males be of the whole or the half blood.

The register's court were therefore in error in not granting the letters of administration to Joseph Single, and their decree must be reversed, and the register is directed to issue letters of administration to the appellant, Joseph Single. '